UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERESA SUE OTERO,<br><br>　　　Petitioner,<br><br>　　v.<br><br>WILLIAM REUBART, *et al.*,<br><br>　　　Respondents. | Case No. 2:24-cv-01725-RFB-EJY<br><br>**ORDER** |

　　This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Teresa Sue Otero, an individual incarcerated at Nevada's Florence McClure Women's Correctional Center. On September 16, 2024, the Court received from Otero an Application to Proceed in Forma Pauperis (ECF No. 1), a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1), and a Motion for Appointment of Counsel (ECF No. 2).

　　The Application to Proceed in Forma Pauperis (ECF No. 3) is incomplete in that it does not include the required financial certificate signed by a prison officer. See Local Rule LSR 1-2. Therefore, the application will be denied. The Court will, however, suspend the matter of payment of the filing fee. The Court will set a deadline for Otero to pay the filing fee or file a new in forma pauperis application after counsel appears on her behalf.

　　Prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require. See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; Chaney, 801 F.2d at 1196. Otero's filings indicate that this action may be complex and that Otero will not be able to litigate this action pro se. The Court finds that

appointment of counsel is in the interests of justice. The Court will grant Otero's Motion for Appointment of Counsel (ECF No. 2).

The Court has examined Otero's habeas petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determines that it merits service upon the respondents. The Court will order the petition served upon the respondents, and will direct the respondents to appear, but will not require any further action on their part at this time.

**IT IS THEREFORE ORDERED** that Petitioner's Application to Proceed in Forma (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 2) is **GRANTED**. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner. If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the FPD will have 30 days from the date of this order to file a notice of appearance or to indicate to the Court its inability to represent the petitioner in this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

**IT IS FURTHER ORDERED** that the respondents will have 30 days from the date of this order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

**DATED:** September 23, 2024.



_____
**RICHARD F. BOULWARE, II,**
**UNITED STATES DISTRICT JUDGE**